BORDEN MANUFACTURING CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7397.    Promulgated February 19, 1927.

1. In 1918 and 1919 petitioner discontinued the use of certain machinery and equipment, consisting of engines, boilers, and pumps, because of the change from steam to electric power. This equipment was not scrapped or offered for sale in either of the years. When an effort was made to sell the steam power equipment in 1924 no market could be found for it. *Held,* that petitioner may not take a deduction for 1918 and 1919 of the fair market value of the machinery and equipment at the time its use was discontinued, there being no evidence to show the cost or the fair market price or the value of such equipment on March 1, 1913.

2. The evidence is insufficient to show that the Commissioner's allowance for exhaustion, wear and tear of buildings and machinery for the years 1918 to 1921, inclusive, was inadequate.

3. Accrued local taxes for 1918 allowed as a deduction for that year.

*Albert L. Cox, Esq.,* for the petitioner.
*Harold Allen, Esq.,* for the respondent.

The Commissioner determined deficiencies for the years 1918, 1919, 1920, and 1921, the amounts of which are not disclosed by the record but the aggregate thereof is stated in the petition to be $11,444.65.

The issues urged by the petitioner at the hearing were (1) that the Commissioner erred in not allowing a deduction of $23,274.50 for 1918 and $21,788.65 for 1919, representing the value in those years of certain steam power machinery and equipment the use of which was discontinued as a result of the change from steam to electric power; (2) that the Commissioner's allowance for exhaustion, wear and tear of the buildings and machinery for each of the years 1918 to 1921, inclusive, was inadequate; and (3) that the Commissioner erred in disallowing a deduction for 1918 of $3,564.17, local taxes accrued in that year.

Petitioner is a North Carolina corporation engaged in the manufacture of cotton goods, with principal office and place of business at Goldsboro. Although its books were crudely kept, it followed the accrual method of accounting in keeping its records and in determining its income. Petitioner had two plants known as Mill No. 1 and Mill No. 2.

In 1900 certain machinery and equipment, consisting of one 450 H. P. engine, three boilers, and certain pumps, was installed in Mill No. 1, and in 1908 similar equipment, consisting of the same items, was installed in Mill No. 2. This class of machinery and equipment was used in Mill No. 2 until 1918 and in Mill No. 1 until 1919. During the taxable years petitioner operated its plant the usual and customary period of 60 hours a week. In 1918, while production was at its peak, the engine in Mill No. 2 became disabled as a result of the crankshaft becoming sprung. In order to continue operation without interruptions while awaiting repairs, petitioner installed in this mill electric power consisting of four large motors and other necessary equipment. As soon as a new crankshaft could be obtained it was placed in the engine in Mill No. 2, but the steam power was not thereafter used. In 1919 petitioner changed from steam to electric power in Mill No. 1, since which time the steam power machinery and equipment has not been used in the operation of the plant. The engines, boilers, pump, and other equipment used in connection with the steam power were not dismantled or scrapped in either of the years 1918 or 1919. Subsequent to the taxable years, and in or about the year 1924, petitioner concluded to sell the steam power machinery and equipment but found that the price which it could obtain therefor would about equal the cost of dismantling and removing it. In that year it claimed before the Commissioner that it should be allowed a deduction from income for the years 1918 and 1919 as a result of the discontinuance of the use of this property.

During the year 1918, state and local taxes, amounting to $3,-564.17, levied against the petitioner became due in September of that year. Petitioner was allowed until the first of the following year within which to pay this tax without becoming liable for a penalty. The tax was paid by petitioner early in 1919. In its return for 1918 petitioner claimed the amount of tax as an accrued item in 1918 and deducted the same from gross income for that year. The revenue agent, when investigating petitioner's records, disallowed this deduction for the reason that the amount thereof was not entered upon the books for 1918. The Commissioner approved the agent's action in this regard.

LITTLETON: The Board is unable from the evidence to determine the amount of the deduction, if any, to which petitioner is entitled for 1918 and 1919 in respect of the steam power machinery and equipment as a result of the change from steam to electric power. We have no evidence of the original cost or the fair market price or value of the equipment on March 1, 1913. Petitioner's witnesses testified that the fair market value of the steam power machinery and equipment in each of the mills at the time electric power was substituted therefor in 1918 and 1919 was $23,274.50 and $21,788.65, respectively. In the absence of evidence of the cost or the value on March 1, 1913, the Commissioner's determination in this regard must be approved.

It is claimed that the Commissioner's allowance for exhaustion, wear and tear of the buildings and machinery was inadequate and that a greater allowance should be made for each of the taxable years. We have no evidence as to what allowance the Commissioner made for this purpose, nor is the evidence sufficient to enable the Board to make any determination in regard to the proper allowance.

The state and county taxes amounting to $3,564.17, which accrued during 1918, were disallowed by the Commissioner because they were paid in 1919. No entry was made upon the books for 1918 in respect thereto. Petitioner followed the accrual method of accounting and the accrued tax was a proper deduction for 1918, notwithstanding the amount thereof was not entered upon the books for that year. See *Russell Milling Co.*, 1 B. T. A. 194, and *Atlantic Coast Line R. R. Co.*, 2 B. T. A. 892.

> *Judgment will be entered on 15 days' notice, under Rule 50.*